UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0095S |
| | ) | |
| JOSE MOJICA | ) | |

OBJECTION TO PRESENTENCE REPORT

Now comes Jose Mojica, the Defendant in the above captioned matter, and objects to the following elements within the presentence report ("PSR") prepared by the Probation Department in this case.

Criminal History Category Assessment

Mr. Mojica objects to the points assessed to his criminal history for his juvenile offenses and also the probation officer's inclusion of a basis for an upward departure to the extent that it is a recommendation.

Mr. Mojica has 7 criminal history points pursuant to the advisory guidelines calculation within the PSR. ¶ 27. Three points relate back to juvenile offenses committed by Mr. Mojica when he was just 15 and 16 years old. The guidelines, § 4A1.2(d), allow the assessment of points for these juvenile adjudications because the Rhode Island Family Court imposed these sentences within 5 years of this offense.[1] The guidelines fail to consider, however, the fundamental difference between juvenile and adult conviction save for the five year window. Additionally, the guidelines, including the calculations, are advisory not mandatory.

The Court should not hold Mr. Mojica accountable for his juvenile convictions as if they were adult convictions. The Supreme Court has held that juveniles are not as culpable as adults.

[1] The offense date here was May 8, 2006. The sentencing dates for those crimes were July 31, 2001 (¶¶ 23 & 24), and March 26, 2002 (¶ 25).

*Roper v. Simmons*, 543 U.S.551, 567 (striking down the death penalty for murders committed before the defendant turned 18 years old). The Supreme Court stressed that juveniles differ from adults in three general ways: 1) they are immature and lack a proper sense of responsibility; 2) they are more vulnerable to negative influences; and 3) they do not have a well developed character yet. *Id*. at 569-571. Society recognizes these deficiencies by regulating voting, driving, drinking, marriage, and military service based on age restrictions. *See Id.* Although *Simmons* dealt with the appropriateness of the application of the death penalty on a juvenile offender, the issue of mature culpability is still applicable here. Considering *Simmons* holding here should lead the Court to conclude that a lower criminal history category is appropriate for Mr. Mojica.

Language in ¶ 60 notwithstanding, Mr. Mojica also objects to the PSR to the extent that it recommends an upward departure for inadequacy of criminal history. The information contained in the PSR does indicate that Mr. Mojica was released on bail at the time of these offenses, but that information alone does not support an upward departure under U.S.S.G. § 4A1.3. *See United States v. Wallace*, 461 F.3d 15, 41-43 (D.R.I. 2006). The government is bound by the plea agreement which requires a recommendation at the low end of the guidelines[2] and necessarily precludes its support for this potential upward departure. Additionally, Mr. Mojica is due full notice of the information supporting such a departure. Under these circumstances, an upward departure is not appropriate.

Respectfully submitted
Jose Mojica
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

---

[2]Or within the guideline range if Mr. Mojica moves for a downward departure or sentence below the advisory guideline range. *See* Plea Agreement, § 2(a).

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and Sandra Beckner, Assistant United States Attorney, on December 8, 2006.

/s/ Kevin J. Fitzgerald