UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0095S |
| | ) | |
| JOSE MOJICA | ) | |

## MOTION FOR SENTENCE CONSIDERATION

Now comes Jose Mojica, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, in compliance with18 U.S.C. § 3553(a). After considering all the appropriate information present in this case, the Court should conclude that the advisory guidelines call for a sentence longer than what is sufficient to comply with 18 U.S.C. § 3553(a). Mr. Mojica requests the Court impose the statutory mandatory minimum sentence of120 months in prison, which will be sufficient in this case to satisfy the purposes of sentencing.

Respectfully submitted
Jose Mojica
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and Sandra Beckner, Assistant United States Attorney, on December 29, 2006.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0095S |
| | ) | |
| JOSE MOJICA | ) | |

---

MEMORANDUM IN SUPPORT OF SENTENCING

I. Introduction

Mr. Mojica respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Additionally, Mr. Mojica submits this memorandum in support of his Motion for Sentencing Consideration advocating for a sentence outside of the suggested guideline range. The Court is required to sentence a defendant below the advisory guideline range if such a sentence is sufficient to achieve the purposes of sentencing. *Id*. Mr. Mojica requests the Court to consider imposing a sentence of 120 months of incarceration, the statutory mandatory minimum sentence, followed by supervised release. The proposed sentence adequately addresses society's needs of punishment and deterrence, as well as Mr. Mojica's needs for rehabilitation, without being longer than necessary.

II. Procedural Background

On May 8, 2006, the Central Falls Police Department executed a search warrant at the 1st floor apartment of 105 Foundry Street. They seized 89.37 grams of cocaine base, two handguns, and paperwork in the name of Jose Mojica. Law enforcement personnel arrested Mr. Mojica on July 20, 2006. The government formally charged Mr. Mojica with one count of possessing over 50 grams of cocaine base for distribution and arraigned him on September 15, 2006. Mr. Mojica pled guilty to the charges on October 20, 2006. Sentencing is scheduled for January 5, 2007.

III. Sentencing Considerations

A. General

The Court is bound in its sentencing considerations by 18 U.S.C. § 3553(a). The United States Sentencing Guidelines are not the law and the Court is not bound by its suggested sentences. *United States v. Booker*, 543 U.S. 220, 259 (2005). The statute, § 3553(a), requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentence available, the need to avoid unwarranted sentencing disparity, the need to provide restitution, and the suggested guideline range. 18 U.S.C. § 3553(a)(1), (a)(3)-(7). The primary sentencing mandate of § 3553(a) directs the sentencing court to impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added).[1] This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is statutorily prohibited from sentencing, even when a greater sentence is recommended by the sentencing guidelines. *Cf., United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

The statutory language notwithstanding, the First Circuit has proclaimed that the advisory guideline range is not just a mere factor in the list above. *United States v. Jimenez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006); *see also United States v. Thurston*, 456 F.3d 211, 215 (1st Cir. 2006), *United States v. Smith*, 445 F.3d 1, 4(1st Cir. 2006). The Circuit Court believes the guidelines should carry more weight than the other considerations because they "represent the only integration of the

---

[1] The statute provides, in pertinent part, that

"the court consider the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2) (2005).

multiple sentencing factors set forth in § 3553(a), often reflect past practice, and bear the imprimatur of the Sentencing Commission." *Thurston*, 456 F.3d at 215 (quoting *Smith* 445 F.3d at 4). Beyond the declaration of heightened importance, the guidelines are not presumptively or per se reasonable, and still reflect generalizations in sentencing. *Jimenez-Beltre*, 440 F.3d at 518. The Court made that distinction seemingly to avoid the appearance of reestablishing a mandatory sentencing scheme. *Id*. (as struck down in *Booker*). Unfortunately, the heightened influence of the guidelines, as well as the sliding scale of justification for sentences outside of the guidelines[2], continues to embrace and support a de facto mandatory sentencing scheme.

This Court must guard against any de facto mandatory sentencing scheme. *Booker*, 543 U.S. at 258-61 (mandatory sentencing schemes unconstitutional). While the guidelines incorporate a number of sentencing factors, they do not include any analysis, evaluation, or consideration of an individual's unique characteristics; they are generalizations. *See Jimenez-Beltre*, 440 F.3d at 518. An individual's background, character, and upbringing cannot be easily quantified in a guideline system, nevertheless, the Court must consider that unique individual information. 18 U.S.C. § 3553(a). In short, the guidelines represent cookie cutter justice at its worst; one size does not fit all. The Court must eschew general application of the advisory guidelines and consider all of the unique characteristics of the defendant when determining this sentence. The sentencing judge is in the best position to evaluate individual defendants under § 3553(a) and determine the appropriate sentence.[3] Mr. Mojica presents ample circumstance to warrant the Court's consideration of a sentence below the advisory guideline range.

B. Personal Background

Jose Mojica grew up in the Prospect Heights Housing Project in Pawtucket, RI. He lived

---

[2]The First Circuit now requires greater justification for sentences outside of the advisory guideline range depending on how much the sentence varies from the guideline. *Thurston*, 456 F.3d at 215 (citing *Smith*, 445 F.3d at 4).

[3]Comparing other § 3553(a) factors to advisory guidelines actually resembles the comparison of apples to oranges because only the guidelines directly coincide with a time period; <u>the sentencing court</u> must then look to the other factors to determine if that suggested period of incarceration is appropriate under all of the circumstances in the case. *Jimenez-Beltre*, 440 F.3d at 525 (Lipez, J., dissenting) (emphasis added).

there with his mother, grandmother, siblings, and extended family in various apartments. His father was murdered when Jose was very young; he has no memories of his father. He did not have any significant father figure in his life growing up and essentially followed in the footsteps of his cousins: drug abuse and drug dealing. Jose started using marijuana when he was 11 or 12, and was a heavy daily user at the time of his arrest. Jose has never held a job and did not finish high school. He lived with his grandmother for part of his childhood and a neglect complaint was filed on his behalf against his mother (later dismissed).

A mental health evaluation conducted for the RI Family Court in 2002 indicated that Jose suffered from depression. Jose reported witnessing excessive violence while young and this may have contributed to his mental state. Some of the symptoms stated in the 2002 report continue at the present. Jose reported using marijuana to help deal with his anxiety and apprehension. Mr. Mojica is not suicidal. Mr. Mojica require appropriate education, training, and treatment to further his rehabilitation while in BOP custody.

C. Criminal History

Mr. Mojica has a significant criminal history in that it contains several dated juvenile convictions and a pending case charging murder. The only adult conviction is for a misdemeanor assault. This Court should not value the juvenile convictions, now five and almost six years old, the same as an adult conviction in its sentencing determination. *See Roper v. Simmons*, 543 U.S.551, 569-71 (2005) (juveniles differ from adults in three general ways: 1) they are immature and lack a proper sense of responsibility; 2) they are more vulnerable to negative influences; and 3) they do not have a well developed character yet). Mr. Mojica has already filed an objection to the PSR on this basis.

The sentencing guidelines do not assess points for cases charged but still pending. Mr. Mojica has a pending charge for murder and another for possession of marijuana with the intent to distribute. PSR ¶ 31 & 32. This Court should not give any weight to these charges when analyzing Mr. Mojica's criminal record. Practically speaking, the cases are not convictions and the allegations in both cases are well over two years old. In this particular instance these open cases should not affect the Court's sentencing determinations.

D. Nature of the Offense

While dealing cocaine is a serious offense, this Court must look at this case in the context of drug distribution as a whole. Mr. Mojica pled guilty to possessing 89.37 grams of cocaine base with the intent to distribute the substance. That equates to less than 3½ ounces and essentially marks him as a street level dealer. The police affidavit relied on information that Mr. Mojica was dealing small quantities out of his apartment and also a controlled purchase of a small amount of cocaine. While Mr. Mojica had two handguns inside of the apartment, there is no indicia of being a higher level dealer.

Despite his low status, the statute mandates a minimum sentence of 10 years in prison for defendants like him without a prior, qualified, drug conviction. Also, as this Court well knows, the statute and the advisory guidelines over-penalize cocaine base (crack specifically) at a rate 100 times greater than cocaine powder (cocaine hydrochloride). A like amount of cocaine powder would not trigger any statutory mandatory minimum sentence, and only carry an advisory sentencing range of 24 to 30 months considering Mr. Mojica's circumstances.[4] The United States Sentencing Commission does not support the current heightened penalties for crack cocaine (See United States Sentencing Commission, Report to the Congress: Cocaine and Federal Sentencing Policy (May 2002)), and this Court has also been vocal on the issue. *United States v. Perry*, 389 F. Supp. 2d 278, 301-02 (D.R.I. 2005) (finding no justification for current crack cocaine penalties under § 3553(a) scrutiny). Similarly, Mr. Mojica's unique circumstance also does not justify the recommended guideline. While the mitigating information present may not justify a variance to the cocaine powder guideline range, neither do the aggravating circumstances warrant the suggested guideline range.

V. The Minimally-Sufficient Sentence

The parsimony provision of 18 U.S.C. § 3553(a) imposes a statutory cap on sentences, regardless of what is recommended under the sentencing guidelines. The sentence cannot be greater than necessary to achieve the purposes of punishment. 18 U.S.C. § 3553(a)(1). Mr. Mojica requests

[4] 89 grams of cocaine powder carries an offense level of 16, 2 points are added for the firearms, and 3 points are deducted for acceptance of responsibility for a total offense level of 15 in category III: 24 to 30 months.

the Court to consider a sentence below the advisory guideline range. The proposed sentence strives to achieve the goals of deterrence, incapacitation, and rehabilitation. Any significant prison term addresses the goals of specific and general deterrence and incapacitation, and this proposal contains significant incarceration.

In determining the minimally-sufficient sentence, the Court must basically ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. The sentencing guidelines combine only two factors when calculating the advisory range: the offense and the defendant's criminal record. That suggested sentence does not include any consideration of Mr. Mojica individually as required by § 3553(a)(1) (individual's unique background and characteristics), nor the unique facts of this case, and also overstates that seriousness of crack cocaine offenses. The Court must not apply the advisory guideline sentence in any kind of general or presumptive manner. The facts and circumstances present here, taken as a whole, warrant a sentence below the advisory range.

V. Conclusion

For all of these reasons, Mr. Mojica asks the Court to impose the mandatory statutory minimum sentence of 120 months in prison.

Respectfully submitted
Jose Mojica
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and Sandra Beckner, Assistant United States Attorney, on December 29, 2006.

/s/ Kevin J. Fitzgerald