**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR-06-095S** |
| | : | |
| **JOSE MOJICA** | : | |

# GOVERNMENT'S SENTENCING MEMORANDUM

## INTRODUCTION

Defendant Jose Mojica requests that this Court exercise its discretion and sentence the defendant below the Sentencing Guidelines range. Defendant advocates for a variance from the guideline range[1] found by the U.S. Probation Officer because the defendant had an impoverished upbringing, because the sentencing guidelines recommend consideration of his juvenile convictions, and because there is a crack/powder disparity in the guidelines. The government disagrees.

## LAW

In light of United States v. Booker, 125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. See United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Compliance with

---

[1] The U.S. Probation Officer determined the defendant's guideline range to be 151 to 188 months imprisonment based upon a base offense level of 31 and criminal history category of IV.

Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward or upward departure is warranted.

Instead of arguing for a departure from the guideline range based upon one of the factors listed in U.S.S.G. § 5K, the defendant argues for a variance from the guideline range.

In this Circuit, the guidelines are "more than just 'one factor among many,'" they are the "proper starting point for post-Booker sentencing, and . . . the proponent of a variance [has] to support it." United States v. Navedo-Concepción, 450 F.3d 54, 57 (1st Cir. 2006) (quoting United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006)). In deciding whether to vary from the guideline range, District Courts must consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guidelines range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns. See Jimenez-Beltre, 440 F.3d at 518-19.

**ARGUMENT**

A. Poverty

Defendant asks this Court for leniency based on his disadvantaged background. However, "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds in determining whether a departure is warranted." U.S.S.G. § 5H1.12. In U.S.S.G. § 5K2.0(d), "Prohibited Departures," the guidelines provide that "the court may not depart from the applicable guideline range based on . . . 5H1.2 (Lack of Guidance as a Youth and Similar Circumstances)."

After Booker, "[t]hat a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines." United States v. Smith, 445 F.3d 1, 5 (1st Cir. 2006). However, ". . . reliance on a discounted or excluded factor may, like the extent of the variance, have some bearing on reasonableness." Id.

While the government does not dispute the difficulties faced by the defendant as a child, the government does disagree with a variance based upon such hardships. A large percentage of federal defendants face similar challenges. To vary based upon a disadvantaged background would dictate a variance in virtually every case, or would create unwarranted disparities among

defendants. In short, a tough life is not at all unusual, and certainly does not justify a life of crime.

B. Juvenile Convictions

The defendant asks the court to consider the fact that the guideline range takes into account the defendant's juvenile convictions, and vary from the guidelines as a result. It is well-established that such convictions are relevant to the Court's sentencing determination. See U.S.S.G. § 4A1.2(d) and Application note 7; United States v. Turner, 438 F.3d 67, 69 (1st Cir. 2006). The defendant's criminal behavior has been continuous since 2001. Thus, the defendant cannot argue that his juvenile convictions were an aberration based upon youth. Instead, they were the beginning of a life of crime.

C. Disparity Between Crack Cocaine and Powder Cocaine

Defendant argues that he should receive a variance from the guideline range because of the "severity of the crack cocaine guidelines." As the First Circuit recently held in United States v. Pho, 433 F.3d 53, 62 (1st Cir. 2006), "Booker established that a district court may exercise discretion in fashioning sentences - but that discretion was meant to operate only within the ambit of the individualized factors spelled out in section 3553(a)." The sentencing court is not free to downwardly depart based on a disagreement with the policy choice made by Congress in

establishing a 100:1 crack-to-powder ratio. See Pho, 433 F.3d at 65.

**CONCLUSION**

In sum, the defendant has demonstrated no personal characteristics, no facts about the crime, nor any other grounds to support a conclusion that a sentence below the range as set forth in the PSR would be reasonable or would meet the requirements of 18 U.S.C. § 3553(a). For the above reasons, the government submits that defendant's motion for a sentence below the sentencing guidelines should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2007, I caused the within "Government's Sentencing Memorandum" to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Kevin Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

Notification by facsimile:

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj